IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FREDERICK NELSON, JR.,

   Petitioner,   : Case No. 3:17-cv-062

 - vs -         District Judge Thomas M. Rose
             Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

             :
   Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss (ECF No. 10) which Petitioner opposes (ECF No. 13).

**Timeliness of the Petition**

The Warden moves to dismiss the case as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent asserts the Petition is time-barred on the following chronology: After he was convicted and sentenced on February 14, 2014, Nelson appealed to the Second District Court of Appeals which affirmed the convictions for burglary and rape and reversed the conviction for gross sexual imposition. *State v. Nelson*, No. 2014-CA-7, 2015 WL 179063 (2d Dist. Jan. 15, 2015). Nelson had forty-five days to appeal to the Ohio Supreme Court, but did not do so. The one-year statute of limitations therefore began to run on the forty-fifth day, March 1, 2015. Under § 2244(d)(2), the statute is tolled by the proper filing of a collateral attack on the judgment. Nelson filed an application to reopen the judgment of the court of appeals on August 21, 2015. The Second District denied the application and the Ohio Supreme Court declined jurisdiction over an appeal. *State v. Nelson*, 144 Ohio St. 3d 1479 (February 10, 2016). 173 days elapsed between March 1, 2015, and August 21, 2015. More than a year elapsed between February 10, 2016, and the filing of the Petition here on February 22, 2017.

2

On initial review of the Petition under Rule 4, the Court *sua sponte* raised the question of whether the Petition was timely and ordered Mr. Nelson to show cause (ECF No. 3). He responded (ECF No. 4) and based on his Response the Court issued an Order for Answer (ECF No. 5).

In the Order for Answer, the Court accepted Mr. Nelson's representation that he had appealed on direct review from the Second District to the Ohio Supreme Court and that court's decision declining jurisdiction was entered February 10, 2016. *Id.* at 23-24. But now the Respondent has filed the actual record which shows the appeal that the Ohio Supreme Court declined on February 10, 2016, was from denial of the 26(B) application and not on direct review. Thus the conclusion that the Petition was timely, made in the Order for Answer, was wrong.

In support of the Magistrate Judge's earlier conclusion, Mr. Nelson relies on *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In that case the state court had reopened the direct appeal and the Supreme Court held the time when the conviction became final was when the permitted out-of-time appeal was decided plus whatever time was allowed for appeal to the state supreme court plus the ninety days allowed for certiorari. The critical difference in this case is that reopening was not granted. Merely asking for reopening under Ohio R. App. P. 26(B) does not re-start the statute of limitations. That would have happened if the application had been granted, but it was not.

**Conclusion**

Because the Petition here is barred by the statute of limitations, it should be DISMISSED WITH PREJUDICE on that basis without reaching the other defenses. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).