# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FREDERICK NELSON,

              Petitioner,     :     Case No. 3:17-CV-062

  - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                    :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending that the Petition in this case be dismissed with prejudice as barred by the statute of limitations (ECF No. 14). Judge Rose has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 16).

In the Report, the Magistrate Judge calculated that 540 days had elapsed between the date on which Nelson's conviction became final (March 21, 2015) and the date he filed his Petition (February 22, 2017), not counting during which the statue was tolled by the pendency of Nelson's Application for Reopening the Direct Appeal under Ohio R. App. 26(B)(August 21, 2015 to February 10, 2016).

The Objections do not quarrel with that chronology. Instead he claims the benefit of the doctrine of equitable tolling (Objections, ECF No. 15). He notes that the Sixth Circuit has held

1

that "egregious misconduct or malfeasance by an attorney may warrant tolling," citing Smith v. United States, 2006 U.S. Dist. LEXIS 85968 (S.D. Ohio Nov. 16, 2006). He claims there was no communication between him and his appellate attorney and "[a]s soon as Petitioner became aware of the status of the Appeal, he filed a 26(B) Application for Reopening of his Appeal." (Objections, ECF No. 15, PageID 226).

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Upon initial review of the case under Rule 4, the Magistrate Judge noted that it had been filed more than one year after the Ohio Supreme Court last denied relief and ordered Nelson to show cause why the case was not time-barred. Nelson made no claim of attorney failure to communicate or indeed any basis for equitable tolling. Instead he relied on the ninety days to file for certiorari in the U.S. Supreme Court after a final decision on direct review. If the Ohio Supreme Court decision on February 16, 2016, had been on direct appeal, that ninety days would have applied, as the Magistrate Judge found in ordering an answer in the case (ECF No. ___). However, the State Court Record shows the February 16, 2016, decision was a denial of review of the 26(B) appeals court decision, in other words on appeal of a collateral attack rather than direct appeal. There is no doubt that Nelson's Petition was filed more than 365 days after that.

Nelson himself had complete control of the filings from the time he filed his 26(B) application forward; there was no attorney involved whose failure to communicate could have caused any delay.

Nelson further reminds the Court that there is no prejudice to Respondent and he is a pro se litigant untrained in law. "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). *Pro se* status and limited law library access are insufficient to ground equitable tolling. *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

**Conclusion**

Because Nelson has not proven he is entitled to equitable tolling of the statute of limitations, his Petition is time-barred and should be DISMISSED WITH PREJUDICE on the basis. Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 4, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).